THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSCAR
G. HAIGHT, Appellant, *v.* JOHN J. BROWN, as President
of the Village of White Plains, et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES
HECHT, Appellant, *v.* GEORGE K. COX, Town Clerk of
the Town of White Plains, et al., Respondents.

Constitutional law — when objection that charter of newly
incorporated city is unconstitutional, on account of excessive
indebtedness, is prematurely raised.

By express mandate of the Constitution the question whether a
city has become indebted in excess of the prescribed percentage is
to be determined by reference *to the assessment rolls of said city on
the last assessment for state or county taxes prior to the incurring
of such indebtedness.* Where there has never been any assessment
rolls of a city, an objection that its charter is unconstitutional in

that the indebtedness of the proposed city exceeds ten percentum of the assessed valuation of the real estate therein subject to taxation, is prematurely raised.

*People ex rel. Haight* v. *Brown*, 169 App. Div. 695, affirmed.

*People ex rel. Hecht* v. *Cox*, 170 App. Div. ——, affirmed.

(Argued October 27, 1915; decided October 29, 1915.)

APPEAL, in the first above-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 26, 1915, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendants to call and hold the election required by the charter of the village of White Plains (L. 1867, ch. 518, tit. 2, § 4, as amd. by L. 1912, ch. 493), to be held on the third Tuesday of November, 1915, for the election of village officers, and to refrain and desist from further proceedings in the matter of calling and holding an election under section 25 of the alleged new charter of the city of White Plains (L. 1915, ch. 356) for the election of city officers, provided to be held by said charter within the territory to be embraced in said city on the Tuesday succeeding the first Monday of November, 1915.

Appeal, in the second above-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 26, 1915, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant town clerk of the town of White Plains, and the defendants constituting the board of elections of Westchester county, to accept and file an independent certificate nominating the petitioner for the office of supervisor of the town of White Plains, and further commanding the defendants constituting the board of elections to print the petitioner's name on the official ballot to be used at the general election on November 2, 1915, and cause his name to be published in the list of candidates to be voted for at the said election for the office of supervisor, and to disregard the provisions of chapter 356

of the Laws of 1915 (which dissolves the corporation known as the town of White Plains) as null and void, and directing them to act in their official capacities as if said provision had not been enacted.

The only question involved in the appeals is the constitutionality of the act incorporating the city of White Plains. Appellants claim that it is unconstitutional because:

I. The indebtedness of the city exceeds ten per centum of the assessed valuation of the real estate of said city subject to taxation;

II. The first election for city officers is to be conducted by a board which is not bi-partisan;

III. The election officials for said election are not selected by the electors of the particular district claimed to be affected or appointed by the authorities thereof; and

IV. The title of the act embraces more than one subject, and that the subjects are not expressed in the title.

Respondents contend that the Constitution is not violated by the act in any of the foregoing particulars, or in any manner whatsoever.

*J. H. Caldwell* and *R. E. Digney* for appellants.

*Henry R. Barrett* and *William R. Condit* for respondents.

*Per Curiam.* By the express mandate of the Constitution itself the question whether a city has become indebted in excess of the prescribed percentage is to be determined by reference *to the assessment rolls of said city on the last assessment for state or county taxes prior to the incurring of such indebtedness.* The courts are not justified in resorting to any other standard, particularly for the purpose of condemning a statute as unconstitutional. As yet there never have been any assessment rolls of the city of White Plains; hence it is impossible to ascertain the assessed valuation of the real estate of such city as it appeared by the assessment rolls thereof on the last assessment. When there shall be an assessment

for state and county taxes under the new charter the advantages of consolidation may have resulted in such an advance of value as to make the aggregate debt of the combined municipalities fall within the constitutional limit.

The objection to the charter has been prematurely raised; and for this reason, without passing upon any other question which has been argued or expressing any opinion thereon, the orders appealed from should be affirmed, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-RACK, HOGAN, CARDOZO and POUND, JJ., concur.

Orders affirmed.